# EXHIBIT A

DOS 470 (REV. 10/09)

**DEPARTMENT OF**

One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

Return Services Requested



U.S. POSTAGE >> PITNEY BOW

ZIP 12231   $ 005.35
02  1ff
0001391831 FEB  26  20.



USPS CERTIFIED MAIL

9214 8969 0059 7931 9727 10

202002240849
NATIONAL REGISTERED AGENTS, INC.
28 LIBERTY ST.
NEW YORK NY, 10005

 CT Corporation

**Service of Process Transmittal**
03/03/2020
CT Log Number 537314011

**TO:** Frank Woodhouse
ALPHA RECOVERY CORP
6912 S Quentin St Ste 10
Centennial, CO 80112-4531

**RE:** Process Served in New York

**FOR:** ALPHA RECOVERY CORP  (Domestic State: CO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BING HUANG, etc., Pltf. vs. ALPHA RECOVERY CORP., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Attachment(s) |
| **COURT/AGENCY:** | Kings County: Supreme Court, NY<br>Case # 5022732020 |
| **NATURE OF ACTION:** | Complaint Class Action and Demand For Jury Trial |
| **ON WHOM PROCESS WAS SERVED:** | National Registered Agents, Inc., New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/03/2020 postmarked on 02/26/2020 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service of this summons, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Simon Goldenberg<br>Law Office of Simon Goldenberg PLLC<br>818 East 16th Street<br>Brooklyn, NY 11230<br>347-640-4357 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780116225463 |
| **SIGNED:** | National Registered Agents, Inc. |
| **ADDRESS:** | 208 S La Salle St Ste 814<br>Chicago, IL 60604-1101 |
| **For Questions:** | 866-203-1500<br>DealTeam@wolterskluwer.com |

Page 1 of  1 / AK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

State of New York - Department of State
Division of Corporations

Party Served:                                        Plaintiff/Petitioner:
ALPHA RECOVERY CORP.                                    HUANG, BING


NATIONAL REGISTERED AGENTS, INC.
28 LIBERTY ST.
NEW YORK,  NY 10005


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 02/06/2020 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                                    Very truly yours,
                                                 Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------x

BING HUANG, ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED

Plaintiff/Petitioner,

-against-

ALPHA RECOVERY CORP, VELOCITY
INVESTMENTS, LLC AND JOHN DOE
1-10

Index No.: 502273/2020

Defendant/Respondent.
----------------------------------------------------------------x

### NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO
### MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney:** Unrepresented litigants are exempt from efiling. They can serve and file documents in paper form and must be served with documents in paper form. However, an unrepresented litigant may participate in efiling.

EFM-1

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033, e-mail: efile@nycourts.gov).

Dated:    1/29/2020

/s/ Simon Goldenberg
_____
Signature

Simon Goldenberg, Esq
_____
Name

Law Office of Simon Goldenberg, PLLC
_____
Firm Name

818 East 16th Street
_____
Address

Brooklyn, NY 11230
_____
City, State, and Zip

347-640-4357
_____
Phone

support@goldenbergfirm.com
_____
E-Mail


To:    National Registered Agents, Inc
       28 Liberty St
       New York, NY 10005


       _____

       _____

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 502273/2020
RECEIVED NYSCEF: 01/29/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X

BING HUANG, ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED,

|  |  |
|---|---|
| **Plaintiff(s),** | Index No.: |
|  |  |
| -against- | **SUMMONS** |
|  |  |
| **ALPHA RECOVERY CORP.,** | Plaintiff designates |
| **VELOCITY INVESTMENTS, LLC., and** | KINGS County |
| **JOHN DOE 1-10,** | as the place of trial |
|  |  |
| **Defendant(s).** | The basis of the venue is |
|  | Plaintiff's residence |

-------------------------------------------------------------------X
To the above named Defendant(s):


      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and

to serve a copy of your answer, or, if the complaint is not served with this summons, to

serve a notice of appearance on the plaintiff's attorney within 20 days after the service of

this summons, exclusive of the day of service (or within 30 days after the service is

complete if this summons is not personally delivered to you within the State of New

York); and in case of your failure to appear or answer, judgment will be taken against

you by default for the relief demanded in the complaint.

Dated: JANUARY 29, 2020

*/s/ SIMON GOLDENBERG*
By: Simon Goldenberg
Law Office of Simon Goldenberg PLLC,
*Attorney(s) For Plaintiff*
818 East 16th Street, Brooklyn, NY, 11230
Tel. (347) 640-4357

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 502273/2020
RECEIVED NYSCEF: 01/29/2020

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

-------------------------------------------------------------------X

**BING HUANG, ON BEHALF OF HIMSELF**
**AND ALL OTHERS SIMILARLY SITUATED,**

                                      Plaintiff(s),

                        Index No.:

                        **COMPLAINT-**
                        **CLASS ACTION AND**
                        **DEMAND FOR JURY**
                        **TRIAL**

          -against-

**ALPHA RECOVERY CORP.,**
**VELOCITY INVESTMENTS, LLC., and**
**JOHN DOE 1-10,**

                                      Defendant(s).

-------------------------------------------------------------------X

     Plaintiff, **BING HUANG, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED** (hereinafter referred to as "Plaintiff"), by and through his attorneys, Law Office of Simon Goldenberg, PLLC, complaining of the Defendant(s), hereby alleges as follows:

    1.    Plaintiff, BING HUANG, a New York resident, brings this proposed class action under Article 9 of the New York CPLR alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter the "FDCPA") and the New York General Business Law § 349 (hereinafter referred to as "NYGBL").

    2.    The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices. The NYGBL protects consumers from deceptive acts or practices in the conduct of any business.

## JURISDICTION AND VENUE

    3.    This Court has jurisdiction of this case pursuant to CPLR 301 and/or CPLR 302(1).

    4.    Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on Defendants possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Each

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 502273/2020
RECEIVED NYSCEF: 01/29/2020

Defendant also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

5.      Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

6.      Venue is proper per CPLR 503 and 509.

## PARTIES

7.      Plaintiff, BING HUANG, is a natural person residing in KINGS COUNTY, NEW YORK.

8.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

9.      A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the primary purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies". See 1 USC 1.

10.     Defendant Alpha Recovery Corp. (hereinafter referred to as "Alpha") is a Colorado Business Corporation and a New York Foreign Business Corporation located at 6912 S. Quentin St., Suite #10, Centennial, CO 80112.

11.     Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.

12.     Alpha possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt collection Agency".

13.     In **Exhibit A**, Alpha sets forth that it is a debt collector attempting to collect an alleged debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a "debt" or in connection with the collection of a "debt".

14.     Upon information and belief, the primary purpose of Alpha is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM

NYSCEF DOC. NO. 1

INDEX NO. 502273/2020

RECEIVED NYSCEF: 01/29/2020

15.    Thereby, Defendant Alpha is a "debt collector" as defined by 15 U.S.C 1692a(6) of the FDCPA.

16.    Defendant Velocity Investments, LLC ("Velocity") is a New Jersey Domestic Limited Liability Company and New York Foreign Limited Liability Company with its principal place of business located at 1800 State Route 34, Suite 404A, Wall Township, NJ 07719-9147.

17.    Velocity possesses a license from the New York City Department of Consumer affairs to operate as a "Debt Collection Agency".

18.    Upon information and belief, the primary purpose of Velocity is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone.

19.    Thereby, Defendant Velocity is a "debt collector" as defined by 15 U.S.C 1692a(6) of the FDCPA.

20.    Velocity hired Alpha to attempt to collect an alleged debt from Plaintiff.

21.    Upon information and belief, Velocity, directs and/or requires and/or allows Alpha to carry out collection efforts on Velocity's behalf and for the benefit of Velocity; Velocity always possesses the beneficial interests in the collection accounts which Alpha attempts to collect on their behalf; and Velocity controls and/or supervises the debt collection efforts of Alpha in reference to their mutual accounts.

22.    Upon information and belief, Velocity issued work standards, directives, and/or guidelines to Alpha which contained instructions, controls, and rules governing the steps Alpha could and could not take to attempt to collect debts, including control over the issuance and contents of the collection letters issued to Plaintiff by Alpha in reference to Velocity account(s).

23.    All the actions alleged in this Complaint taken by Alpha were taken as an agent of or "debt collector" for Velocity.

24.    Velocity is thereby vicariously liable for the actions of Alpha set forth in this Complaint.

25.    John Doe 1-10, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

26.    For the reasons set forth below, Plaintiff's receipt and reading of ALPHA's collection letter deprived Plaintiff of his rights to not be subjected to abusive, unfair, deceptive, or misleading debt collection practices.

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM

NYSCEF DOC. NO. 1

INDEX NO. 502273/2020

RECEIVED NYSCEF: 01/29/2020

## FACTUAL ALLEGATIONS

27.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs.

28.     Prior to the commencement of this action, a personal financial obligation was allegedly incurred by Plaintiff to Prosper Funding, LLC. At some time after the account entered default status, all rights to the debt were allegedly sold to Velocity.

29.     At some time prior to January 30, 2019, Velocity assigned or transferred the debt to Alpha to attempt to collect the balance on its behalf.

30.     In an attempt to collect the alleged debt, Defendant ALPHA mailed to Plaintiff a collection letter (hereinafter referred to as the "collection letter") dated **January 30, 2019**. A true and correct copy of ALPHA's collection letter is attached as **Exhibit A**, except that the undersigned counsel has, in accordance with 22 NYCRR § 202.5(e), redacted the financial account numbers and Plaintiff's home address to protect Plaintiff's privacy.

31.     Exhibit A is a "communication" as defined by 15 U.S.C. § 1692(a)(2).

32.     Upon information and belief, Exhibit A is a standardized computer-generated form letter.

33.     The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a loan or line of credit for his individual use, individually using the proceeds of the loan or using the line of credit to purchase goods for personal, family or household purposes. Alpha, via Exhibit A, attempted to collect this past due debt from Plaintiff in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

34.     Exhibit A states an address on the top-left side:

    P.O. Box 1259
    Dept. # 136480
    Oaks, PA 19456

35.     Exhibit A states an address near the top-right side:

    Alpha Recovery Corp.
    6912 S. Quentin St. Unit 10
    Centennial, CO 80112

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 502273/2020
RECEIVED NYSCEF: 01/29/2020

36.     Exhibit A states, in pertinent:

Balance Due: $18,949.83

37.     Furthermore, the body of Exhibit A states:

This office has made several attempts to encourage you to
pay the past-due account you incurred with Proper funding
LLC referred to above.

38.     Clear identification of payment remittance information is material to the
recipient.

39.     Clear and unambiguous identification of the balance is material to the
recipient.

40.     Whether a balance is static or subject to variation is material to the recipient.

41.     Whether a balance is specifically subject to interest, fees, or other charges,
is material to the recipient.

42.     The amount of the balance attributable to principal, interest, fees, or other
charges, is material to the recipient.

43.     The question of whether a collection letter is deceptive is determined from
the perspective of the "least sophisticated consumer."

44.     Upon receiving and reading Exhibit A, Plaintiff was confused as to which
of the multiple addresses would be the correct address to be used to remit payment to
resolve the debt.

45.     Upon receiving and reading Exhibit A, Plaintiff was confused as to whether
the balance is static or subject to periodic change.

46.     Upon receiving and reading Exhibit A, Plaintiff was confused as to whether
payment of the stated balance would result in satisfaction of the debt.

47.     Upon receiving and reading Exhibit A, Plaintiff was confused as to what
portion of the balance is attributable to principal, interest, fee, or other charges.

48.     Upon information and believe, Exhibit A was designed to cause the debtor
to suffer a harmful disadvantage in charting a course of action in response to Defendant's
collection efforts. The collection letter was crafted in a manner which frustrates the
recipient's ability to intelligently choose their response.

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 502273/2020
RECEIVED NYSCEF: 01/29/2020

49.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights.   The act enables consumers to understand, make informed decisions about, and meaningfully participate in the debt collection process. Exhibit A's false representations misled Plaintiff in a manner that deprived him of his right to enjoy these benefits.

50.     Defendants violated Plaintiff's right not to be the target of misleading debt collection communications. Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

51.     Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letters to the Plaintiff.

52.     Upon information and belief, Defendant regularly attempt to collect debts utilizing the aforementioned prohibited conduct, and that such conduct has a broad impact on consumers within this State.

53.     At all times pertinent hereto, the conduct of Defendant(s), as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

54.     Defendant knew or should have known that their actions violated the FDCPA and NYGBL. Additionally, Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA and NYGBL, but neglected to do so, and failed to adequately review its actions to ensure compliance with said laws.

55.     As a result of the Defendants' conduct, Plaintiff has sustained an injury-in-fact by being the target of Defendant's unfair and deceptive debt collection practices, and actual damages include, but not are not limited to: nervousness; fear; stress; mental anguish; emotional stress; confusion; worry; fright; and shock.

56.     Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief and damages.

### AS AND FOR A FIRST CAUSE OF ACTION
**Ambiguity Regarding Interest, Fees, and Other Charges**
FDCPA Violations - 15 USC §1692e, § 1692e(2), § 1692e(5), § 1692e(10), § 1692f

57.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs.

58.     The FDCPA 15 U.S.C. § 1692e prohibits any false, deceptive, or misleading means to collect a debt. § 1692e(2) prohibits the false representation of the character, amount or legal status of any debt. § 1692e(5) prohibits threatening to take action that cannot be taken or is not intended to be taken. § 1692e(10) prohibits any false representation or deceptive means to collect a debt. § 1692f prohibits any unfair or unconscionable means to attempt to collect an alleged debt.

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 502273/2020
RECEIVED NYSCEF: 01/29/2020

59.     Upon information and belief, at the time Exhibit A was issued, the debt was subject to the periodic accrual of interest, fees, and/or other charges pursuant to the underlying agreement with Proper Funding LLC.

60.     Upon reading Exhibit A, the least sophisticated consumer may reasonably believe that payment of the stated balance of $18,949.83 would satisfy the balance in full. However, upon information and belief, payment of such amount would not satisfy the debt, as the balance is subject to variation between the time the letter was issued and the time a payment could be received.

61.     If the stated balance was paid, the creditor may later seek to collect the additional interest, fees, or other charges that have contractually accrued and comprise the remaining balance.

62.     Exhibit A does not specify a date upon which the stated balance will be accepted as payment in full.

63.     A statement of an amount due, without notice that the amount may increase, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear their account.

64.     For this reason, 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase, or to state that payment of a sum certain by a specified date will fully satisfy the debt. Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 74 (2d Cir. 2016).

65.     If fees or other charges will continue to accrue during the collection process, the collection letter must explicitly state so accordingly.

"A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice. In fact, however, if interest is accruing daily, or if there are undisclosed late fees, a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

**Because the statement of an amount due, without notice that the amount is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.** We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 502273/2020
RECEIVED NYSCEF: 01/29/2020

hold the reasonable but mistaken belief that timely payment will satisfy their debts." (Emphasis Added) See Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76, 2016 U.S. App. LEXIS 5327, *6-7 (2d Cir. N.Y. 2016)

66.     In Carlin v. Davidson Fink LLP, 852 F.3d 207, 216 (2d Cir. 2017), the Second Circuit explained that a collection letter:

> "is incomplete where... it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, **what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase.**" (Emphasis Added)

67.     "Absent fuller disclosure, an unsophisticated consumer may not understand how these fees are calculated, whether they may be disputed, or what provision of the note gives rise to them. Because the statement gives no indication as to what the unaccrued fees are or how they are calculated, she cannot deduce that information from the statement." Carlin, 852 F.3d 207, 217.

68.     "It is not sufficient that a collector provide the amount of the debt on the date of the collection letter. The consumer must be able to discern the amount of the debt at any given time in the future." See Taylor v. Fin. Recovery Servs., Inc. No. 17-1650-cv, 2018 BL 109391 (2d Cir. Mar. 29, 2019)

69.     Upon information and belief, any assignees of the original creditor, including Velocity, were assigned the right to collect interest, fees, or other charges pursuant to the underlying contract.

70.     Plaintiff was not notified that the terms and conditions of the underlying contract had changed. Upon information, the contractual terms regarding the accrual of interest, fees, and other charges had not changed.

71.     Alpha was required to disclose in Exhibit A that the balance is subject to periodic increase due to interest, fees, or other charges, or in the alternative, that such items are waived.

72.     Waiver of the creditor's or assignee's intention to collect interest, fees, or other charges must be made to the consumer explicitly and unambiguously.

73.     Plaintiff was not given notice that the further accrual of interest, fees, or other charges were being waived by the original creditor or their assignee(s)-in-interest.

74.     . Exhibit A failed to inform Plaintiff that the amount of the debt was increasing.

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 502273/2020
RECEIVED NYSCEF: 01/29/2020

75.     Exhibit A failed to inform Plaintiff that payment of a certain sum by a specified date will satisfy the debt.

76.     Despite the creditor's entitlement to interest, fees, or other charges, Exhibit A fails to state that the balance continues to be subject to periodic variation due to accrual of interest, fees, or other charges, or to explicitly state that accrual of such items have been waived.

77.     Since Exhibit A is silent with respect to whether the debt is static or dynamic, and since the debt is subject to contractual interest, fees, and other charges that have not be explicitly waived, Exhibit A can be reasonably read by the least sophisticated consumer to have two meanings.

78.     Exhibit A could be read by the least sophisticated consumer that the debt will increase in the future.

79.     Exhibit A could be read by the least sophisticated consumer that the debt will not increase in the future.

80.     Because Exhibit A can be read to have two or more meanings regarding a material term, one of which is false, it is deceptive under 15 U.S.C. § 1692e.

81.     Because Exhibit A is reasonably susceptible to an inaccurate reading concerning a material term, it is deceptive under 15 U.S.C. § 1692e.

82.     Because Exhibit A fails to disclose that interest, fees, and charges continue to accrue, it is deceptive under 15 U.S.C. § 1692e.

83.     Because Exhibit A fails to disclose the amount of interest owed, it is deceptive under 15 U.S.C. § 1692e.

84.     Because Exhibit A fails to disclose the balance may increase, it is deceptive under 15 U.S.C. § 1692e.

85.     Because Exhibit A fails to state that payment of a sum certain by a specified date will fully satisfy the debt, it is deceptive under 15 U.S.C. § 1692e.

86.     Because Exhibit A fails to include the safe harbor language as required by Avila v. Riexinger & Assocs., LLC, 817 F.3d 72 (2d Cir. N.Y. 2016), it violates 15 USC 1692e, 1692e(2), 1692e(5), and 1692e(10).

87.     Because Exhibit A does not include any information as to how the least sophisticated consumer can determine the amount of the interest, it violates 15 USC 1692e, 1692e(2), 1692e(5), and 1692e(10). Carlin v. Davidson Fink LLP, 8523.

88.     Because Exhibit A fails to meaningfully and unambiguously provide the amount of debt, it violates 15 U.S.C. § 1692e and § 1692f.

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 502273/2020
RECEIVED NYSCEF: 01/29/2020

89.     Because Exhibit A misrepresents the character of the debt as static, it violates 15 U.S.C. § 1692e(2).

90.     Because the balance of the debt is ambiguous, Exhibit A failed to clearly state the amount of debt in violation of 15 U.S.C. § 1692e(2).

91.     Because Exhibit A utilized a false representation or deceptive means to collect a debt, it violates § 1692e(10).

92.     The aforementioned conduct by Defendants amounts an unfair means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

93.     Exhibit A violates 15 U.S.C. § 1692f because it omits information allowing the least sophisticated consumer to determine the minimum amount owed at the time of the notice; what amount would be needed to pay to resolve the debt at any given moment in the future, and an explanation of interest, fees, or other charges that would cause the balance to increase.

94.     Upon reading Exhibit A, the least sophisticated consumer is likely to be deceived as to material terms.

95.     Exhibit A was designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

96.     Exhibit A frustrates the recipient's ability to intelligently choose their response.

97.     Plaintiff has been injured thereby.

98.     As a result of the above violations of the FDCPA, the Defendants are liable to Plaintiff for actual damages, statutory damages which can be up to $1,000.00, attorney's fees and costs.

### AS AND FOR A SECOND CAUSE OF ACTION
### AMBIGUITY REGARDING PAYMENT ADDRESS
FDCPA Violations - 15 USC §1692e, § 1692e(10), § 1692f

99.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs.

100.    Exhibit A lists two addresses, one address on the top left, and another address towards the top right of the letter.

101.    Exhibit A fails to state which of the addresses should be used by the recipient to remit payment. Exhibit A does not contain any instruction on where the consumer shall mail payment.

102.    Exhibit A in unclear as to which address payment should be mailed.

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 502273/2020
RECEIVED NYSCEF: 01/29/2020

103.   The least sophisticated consumer would be left unsure as to which address to remit payment.

104.   The least sophisticated consumer would be left unsure as to whether remitting payment to either address would result in resolution of the debt.

105.   The least sophisticated consumer may be reluctant to make payment in fear of sending it to the wrong address, and consequently, not resolving the debt.

106.   Identification of the address to be used for payments is material and necessary for consumers when faced with a collection letter. Such information would likely affect how the consumer responds.

107.   Upon reading Exhibit A, the least sophisticated consumer is likely to be confused as to which address to remit payment, which is material information to the consumer.

108.   Since Exhibit A is reasonably susceptible to inaccurate reading regarding the payment address, it is deceptive under 15 U.S.C. §1692e.

109.   Since Exhibit A can reasonably be read by the least sophisticated consumer to have two or more meanings regarding the payment address, one of which is inaccurate, it is deceptive under 15 U.S.C. §1692e.

110.   Exhibit A was designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts. Exhibit A is crafted in a manner which frustrates the recipient's ability to intelligently choose their response.

111.   Because Exhibit A utilized a false representation or deceptive means to collect a debt, it violates § 1692e(10).

112.   The aforementioned conduct by Defendants amounts an unfair means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

113.   For the foregoing reasons, Exhibit A violates 15 USC § 1692e, 15 USC § 1692e(10) and § 1692f.

114.   Plaintiff has been damaged thereby.

115.   As a result of the above violations of the FDCPA, the Defendants are liable to Plaintiff for actual damages, statutory damages which can be up to $1,000.00, attorney's fees and costs.

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 502273/2020
RECEIVED NYSCEF: 01/29/2020

## AS AND FOR A THIRD CAUSE OF ACTION
### (New York General Business Law § 349)

116.   Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

117.   NYGBL § 349 declares unlawful deceptive acts or practices in the conduct of any business, trade or commerce, or in the furnishing of any service of this state.

118.   At all times material to this complaint, Defendants' deceptive acts and practices that gave rise to the claims herein occurred while Defendants conducted its business of collecting consumer debts. Deceptive acts and practices in the context of consumer-debt collection is a recognizable cause of action.

119.   Across New York State, NYGBL § 349 has been found broad enough to include debt collection and other post-sale acts, and several courts have applied the statute to debt collection.

120.   The conduct complained of in this complaint occurred during, and in furtherance of, Defendants' for-profit business enterprise of pursuing consumers for alleged defaulted debt obligation.

121.   Defendants' acts and practices have been directed entirely at consumers. Defendants' acts and practices have a broad impact on the New York consuming public and the courts of the State of New York.

122.   Defendants' collection acts are part of a recurring practice against large numbers of consumers in furtherance of its business model of increasing debt volume while decreasing the costs of each case, thus enhancing profitability.

123.   Defendants' offending collection practices have the capacity and tendency to deceive and mislead a significant percentage of consumers in a material way because they deprive consumers of state and federal rights and protections. These acts contribute to an increasing number of personal bankruptcies, and lead to marital instability and job loss, all of which are significant social concerns that applicable federal and state consumer protection laws were designed to prevent.

124.   The acts and omissions complained of in this complaint under the preceding cause of action amount to "deceptive acts and practices" as defined under NYGBL § 349 and the case law interpreting it.

125.   Some or all of the FDCPA violations alleged in this complaint amount to *per se* violations of NYGBL § 349.

126.   Additionally, the primary creditor is vicariously liable for the actions of their agents, including debt collectors.

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 502273/2020
RECEIVED NYSCEF: 01/29/2020

127.    As a result of these violations of NYGBL § 349, the plaintiff is entitled to an injunction barring Defendants from engaging in deceptive acts and practices, and to recover actual damages set forth in this complaint, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h).

128.    As a result of the violations, Plaintiff suffered actual damages as set forth.

## CLASS ALLEGATIONS

129.    Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

130.    Plaintiff brings this action on behalf of a class, pursuant to NY CPLR Article 9.

131.    The class consists of all natural persons who, between January 30, 2019 and the present, received a letter from Alpha Recovery attempting to collect a debt originally owed to Prosper Funding LCC which: 1) fails to disclosure the accrual of interest, fees, or other charges, or otherwise fails to include an explicit waiver of same; or 2) includes two or more addresses towards the top of the letter and fails to clearly state which address should be used by consumer to remit payment.

132.    The class members are so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members.

133.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

134.    The predominate common question is whether DEFENDANT violated the FDCPA and NYGBL through DEFENDANT'S collection letters.

135.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

136.    A class action is the superior means of adjudicating this dispute.

137.    Individual cases are not economically feasible.

[THIS SPACE INTENTIONALLY LEFT BLANK]

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 502273/2020
RECEIVED NYSCEF: 01/29/2020

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

a)   Certify this action as a class action and appoint Plaintiff as a Class Representative of the Class, and his attorneys as Class Action;

b)   Find that DEFENDANTS actions violate the FDCPA;

c)   Find that DEFENDANTS actions violate NYGBL;

d)   Grant an award of statutory damages for Plaintiff(s) and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

e)   Grant actual damages resulting from emotional distress, stress, and confusion in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);

f)   Grant an injunction barring Defendants from engaging in deceptive acts and practices in the State of New York;

g)   Grant Plaintiff's costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); together with

h)   Such other and further relief as may be just and proper.

Dated: Brooklyn, New York
January 29, 2020

Law Office of Simon Goldenberg, PLLC
*Attorneys for Plaintiff*

*/s/ SIMON GOLDENBERG*
By: Simon Goldenberg
Law Office of Simon Goldenberg PLLC,
*Attorney(s) For Plaintiff*
**818 East 16th Street**
**Brooklyn, NY, 11230**
**Tel. (347) 640-4357**

Plaintiff requests trial by jury on all issues so triable.

*/s/ SIMON GOLDENBERG*
By: Simon Goldenberg

To:
**Alpha Recovery Corp.**
**6912 S Quentin Street, Suite 10**
**Centennial, CO 80112**

**Velocity Investments, LLC**
**1800 State Route 34, Suite 404A**
**Wall Township, NJ 07719-9147**

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM
NYSCEF DOC. NO. 2

INDEX NO. 502273/2020
RECEIVED NYSCEF: 01/29/2020

# EXHIBIT A

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM   INDEX NO. 502273/2020

NYSCEF Depot #138480   RECEIVED NYSCEF: 01/29/2020

P.O. Box ...
Oaks, PA 19456

If you would like to make your payment through our
website, please visit www.alpharecoverycorp.com

*If you wish to pay by credit card, fill in the information below*

| Card Number | | Card Exp | |
|---|---|---|---|
| Card Holder Name | | CVV | |
| Signature | | Amount Paid | |
| Account Number | | Balance Due | $18,949.83 |

BING HUANG

Alpha Recovery Corp.
6912 S. Quentin St. Unit 10
Centennial CO. 80112

004611

---

***Please Detach This Portion And Return With Payment***   Alpha Recovery Corp. Toll Free: 1-877-359-8714

ALPHA
RECOVERY CORP

6912 S. Quentin St. Unit 10
Centennial CO. 80112

Toll Free: 877-359-8714

01/30/2019

**Creditor: VELOCITY INVESTMENTS, LLC.**
**Account Number:**

**Original Creditor: Prosper Funding LLC**
**Original Creditor Account Number: ***

**Balance Due: $18,949.83**

Dear BING HUANG:

This office has made several attempts to encourage you to pay the past due account you incurred with Prosper Funding LLC referred to above. All of our efforts have been unsuccessful.

We trust that you would like to repay this obligation but are presently unable to do so. We and our client understand that in these challenging economic times, honest and well-meaning individuals do occasionally experience unexpected financial difficulties due to loss of employment, injury or sickness, divorce or financial over-extension. If you find yourself in one of these situations, we would encourage you to consider using your tax refund to resolve this account. Even if your refund is less than the total amount due, we will be happy to discuss a proposal for a discounted settlement or a payment plan.

If you are in a financial hardship and would like to take this opportunity to resolve this matter, please call our office to see how we may assist you. You can contact our toll free number, 877-359-8714.

*Sincerely,*

Alpha Recovery Corp.

This is a communication from a debt collector.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.

Whenever $600.00 or more in principal of a debt is discharged as a result of settling a debt for less than the balance owing, our client may be required to report the amount of the debt discharged to the Internal Revenue Service on a 1099C form, a copy of which would be mailed to the most current address we have on file by our client.  If you are uncertain of the legal or tax consequences, we encourage you to consult your legal or tax advisor.

***See reverse side for state specific laws and other important information***





136525-1TAX-4611

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM
NYSCEF DOC. NO. 2

INDEX NO. 502273/2020
RECEIVED NYSCEF: 01/29/2020

Change of Address Information

_____

_____

_____

Home Phone # _____

Work Phone # _____

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.

Notice to California Residents: The State Rosenthal Fair Debt Collection Practices Act and The Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collector may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collections activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or WWW.FTC.GOV. As required by California law, you are hereby notified that a negative credit report reflecting on your credit may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

For Colorado residents: FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. You may also make payments in person to our in-state office Alpha Recovery Corp. at 6912 S Quentin St Suite 10 Centennial, CO 80112.
Phone number 720-509-2125

Notice to Maine Residents: Alpha Recovery Corporation OPERATING HOURS IS Monday and Tuesday 10:00am - 7 pm MST, Wednesday, Thursday, and Friday 7:30am - 4:30pm MST

NOTICE TO MASSACHUSETTS RESIDENTS: NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT WILL NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY. YOU MAY CONTACT OUR OFFICE AT 877-359-8714 BETWEEN THE HOURS OF 10:00am - 7pm MST Monday and Tuesday & 7:30am - 4:30pm MST Wednesday, Thursday, and Friday.

Notice to Tennessee Residents: This collection agency is licensed by the collection service board of The Department of Commerce and insurance, License ID Number 00001173.

Notice to Minnesota Residents: This collection agency is licensed by The Minnesota Department of Commerce.

Notice to North Carolina Residents: Alpha Recovery Corporation PERMIT# 104670.

Notice to New York City Residents: Alpha Recovery Corporation License # 1379591.

Notice to Utah Residents: As required by Utah Law, you are hereby notified that a negative credit report reporting on your credit record may be submitted to a credit reporting agency if you fail to fulfil the terms of your credit obligations.

FILED: KINGS COUNTY CLERK 01/29/2020 04:03 PM
NYSCEF DOC. NO. 1

INDEX NO. 502273/2020
RECEIVED NYSCEF: 01/29/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X

BING HUANG, ON BEHALF OF                          Index No.:
HIMSELF AND ALL OTHERS SIMILARLY
SITUATED,

                               Plaintiff(s),

         -against-

ALPHA RECOVERY CORP.,
VELOCITY INVESTMENTS, LLC., and
JOHN DOE 1-10,

                               Defendant(s).
-----------------------------------------------------------------X

SUMMONS AND COMPLAINT

Law Office of Simon Goldenberg PLLC

*Attorney(s) for*

**BING HUANG,
ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED**
*Plaintiff(s)*

818 East 16th Street
Brooklyn NY 11230
347-640-4357



